United States District Court
Southern District of Texas
**ENTERED**
December 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS EDUARDO GONZALEZ-FERREYRA, Movant, | § § § § | |
| v. | § § | Case No. 1:16cv295 (Criminal No. 1:15cr504) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Luis Eduardo Gonzalez-Ferreyra's pro se "Motion Under 28 U.S.C. § 2255 to Vacate Set Aside Correct Sentence" (hereinafter, Gonzalez-Ferreyra's "Motion"). Dkt. No. 1. For the reasons provided below, Gonzalez-Ferreyra's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that his Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Gonzalez-Ferreyra's Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Procedural History

On September 2, 2015, Gonzalez-Ferreyra pleaded guilty to possession with intent to distribute more than 500 grams, that is, approximately 3.3 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. *See United States of America v. Luis Eduardo Gonzalez-Ferreyra*, No. 1:15cr504, Dkt. No. 33 at 1.[1] On February 4, 2016, Senior United States District Judge Hilda Tagle sentenced Gonzalez-Ferreyra to 37 months of imprisonment, and two years of supervised release with special conditions. *Id*. at 1-4. Judgment was entered on February 18, 2016. *Id*. at 1. Gonzalez-Ferreyra did not file a direct appeal. Gonzalez-Ferreyra filed his instant Motion on October 25, 2016. Dkt. No. 1 at 4.[2]

## III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited,

---

[1] Hereinafter, Higareda-Huerta's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] In general, and subject to certain exceptions, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See generally* FED. R. APP. P. 4(c)(1); *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). Gonzalez-Ferreyra indicates that he placed his Motion in the prison mailing system on October 25, 2016. Dkt. No. 1 at 4. Accordingly, the Court will consider his Motion filed on that date.

being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

Gonzalez-Ferreyra asks the Court to reduce his term of imprisonment pursuant to § 3B1.2(b) of the United States Sentencing Guidelines. Dkt. No. 1. Gonzalez-Ferreyra states that he is entitled to this sentence reduction because he was only a minor or minimal participant in the crime charged. *Id*. at 1-3. More specifically, he states that his role in the crime charged was limited to driving the car containing the drugs at issue. *Id*.

Gonzalez-Ferreyra's Motion is similar to other motions recently filed in this Court in that these motions also seek a sentence reduction based on the movants' alleged minimal participation in the crime charged. *See, e.g., Connie Marie Rosales v. United States of America*, 1:16-cv-229, Dkt. No. 1. Unlike Gonzalez-Ferreyra's Motion, these motions explicitly rely upon Amendment 794 to the United States Sentencing Guidelines (hereinafter, "U.S.S.G"). *See id.*, Dkt. No. 1 at 1-3. Amendment 794 revised the commentary to U.S.S.G. § 3B1.2, which provides for mitigating role adjustments for the "substantially less culpable than average participant." U.S.S.G. § 3B1.2, cmt. n. 3(A) (2014). The United States Sentencing Commission drafted Amendment 794 to make it clear that, when determining

whether a defendant played a minor or minimal role in the subject criminal activity, the district court should compare the defendant to the other co-participants in the criminal activity, as opposed to the "universe of persons participating in similar crimes." *United States v. Gomez-Valle*, 828 F.3d 324, 329 n. 23 (5th Cir. 2016) (quoting U.S.S.G. app. C, amend. 794, at 116–18 (Supp. Nov. 1, 2015) (internal citations and quotation marks omitted). Amendment 794 also revised the commentary to § 3B1.2 in other ways. Specifically, the Amendment:

> "revise[d] the commentary to emphasize that the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative and that such a defendant may receive a mitigating role adjustment, if he or she is otherwise eligible." . . . Amendment 794 introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. In addition, Amendment 794 provides that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

*Id.* at 329–30 (citations omitted, formatting altered).

In *United States v. Quintero-Leyva*, the Court of Appeals for the Ninth Circuit determined that Amendment 794 applies retroactively on direct appeal. *Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). The Fifth Circuit has not reached the issue of whether Amendment 794 may be applied retroactively. *See Gomez-Valle*, 828 F.3d 324, 330 (noting that the issue is a "matter of first impression in this circuit," but finding that Gomez-Valle's particular case did not require resolution of the issue). *See also United States v. Castro*, No. 15-11059, 2016 WL 7209690, at *2 (5th Cir. Dec. 12, 2016) (finding it "unnecessary" to decide the question of whether Amendment 794 is retroactively applicable").

As Gonzalez-Ferreyra does not reference Amendment 794, he does not argue that the Amendment applies retroactively to his case. Dkt. No. 1 at 1-3. This may have been Gonzalez-Ferreyra's intention, however, because Amendment 794 became effective on November 1, 2015,[3] over three months before he was sentenced. *See* CR Dkt. No. 33 at 1; CR Minute Entry dated February 4, 2016 (sentencing hearing held).

Gonzalez-Ferreyra has not alleged any facts indicating that he was prevented from taking advantage of Amendment 794's provisions, had the facts of his case justified their application. In fact, the record suggests that the Court considered Amendment 794's provisions when it issued Gonzalez-Ferreyra's sentence and denied his counsel's request for a sentence reduction under U.S.S.G. § 3B1.2(b). *See* CR Dkt. No. 24 ("Gonzalez-Ferreyra respectfully requests this Honorable Court consider a 2-level reduction pursuant to U.S.S.G. § 3B1.2(b). Mr. Gonzalez-Ferreyra states that his role in the offense was that of a 'mule' or simple drug courier.") (errors in original); CR Minute Entry dated February 4, 2016 (containing the Court's denial of Gonzalez-Ferreyra's role reduction request); CR Dkt. No. 25 at ¶ 19 and ¶ 23 (containing Gonzalez-Ferreyra's Presentence Investigation Report, which contained no offense level adjustments for Gonzalez-Ferreyra's role in the offense charged, and noting that the "2015 Guidelines Manual, *incorporating all guideline amendments*, was used to determine the defendant's offense level.") (emphasis added); CR Dkt. No. 34 at 1 (noting the Court's adoption of the

---

[3] *See Gomez-Valle*, 828 F.3d 324, 327 n.3 (citing the "Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015)").

Presentence Investigation Report as it pertained to adjustments related to Gonzalez-Ferreyra's role in the offense charged).

More importantly, for purposes of stating a claim, a federal prisoner may only obtain relief under § 2255 if their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner may not attack a court's technical application of the sentencing guidelines in a § 2255 motion because such a claim is not cognizable under 28 U.S.C. § 2255. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013) ("A court's technical application of the sentencing guidelines is not cognizable in a § 2255 motion.") (citations omitted). Thus, Gonzalez-Ferreyra's Motion is subject to dismissal because he has failed to state a cognizable claim.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Gonzalez-Ferreyra has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, Gonzalez-Ferreyra's Motion fails to state a cognizable § 2255 claim. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that his Motion (Dkt. No. 1) be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 30th day of December, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**